UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 APR 30 PM 12: 00

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. |
| Plaintiff, | '08 MJ 1355 |
| | COMPLAINT FOR VIOLATION OF: |
| v. | |
| **Adrian GUTIERREZ-Ruiz,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **April 29, 2008** within the Southern District of California, defendant, **Adrian GUTIERREZ-Ruiz,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **30th** DAY OF **APRIL, 2008**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Adrian GUTIERREZ-Ruiz

## PROBABLE CAUSE STATEMENT

On April 29, 2008, Border Patrol Agent N. Serna, was working assigned line-watch duties in the Imperial Beach area of operations. At approximately 6:15 P.M., he responded to a National Guard scope operator report of a possible illegal in an area known as the "109 Road." This area is located approximately 50 yards north of the U.S./Mexico International Border, and two miles west of the San Ysidro, California Port of Entry.

Upon arriving in the area, Agent Serna found one individual, later identified as the defendant **Adrian GUTIERREZ-Ruiz**. Agent Serna identified himself as a United States Border Patrol Agent and conducted an immigration inspection. The defendant admitted to being a citizen and national of Mexico not in possession of any immigration documents which would allow him to enter or remain in the United States legally. The defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **October 4, 2004** through **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. He stated he understood and was willing to answer questions without an attorney present. The defendant admitted that he was a citizen and national of Mexico not in possession of documents enabling/permitting him to enter and/or remain in the United States legally. He further stated that he had not requested permission from the Attorney General to re-enter the United States.